IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs.                                        Criminal No. 1:15-cr-10020-SOH-BAB

TAMAR HARRINGTON MCGEILBERRY                                                    DEFENDANT

**ORDER**

Before the Court is Defendant's Motion for Detention Hearing. ECF No. 6. The Government has responded to this Motion and opposes Defendant's request for release. ECF No. 7. The Motion has been referred to the undersigned for decision.

Defendant is charged by Information in this matter. She was previously charged in *United States v. Harrington*, No. 1:15-cr-10004(002). In the original case, Defendant requested and was afforded a detention hearing. The original detention hearing was held on August 13, 2015. ECF No. 23. Following the hearing, the undersigned ordered Defendant detained without bond. ECF No. 24.

Also following the detention hearing, the parties entered into a plea agreement which resulted in the Information being filed in the instant case and Defendant's subsequent plea of guilty to that Information. ECF Nos. 1, 4, and 5. She then filed the instant Motion. A hearing was held on November 4, 2015. At this hearing, Defendant, through counsel, indicated Defendant sought release in order to be allowed to attend a civil hearing in the State of California, set for December 28, 2015, to determine whether Defendant's parental rights should be terminated in regards to her infant son. The Court continued the hearing to allow the parties to determine the status and nature of that hearing, including the ability of the Defendant to appear by video or other electronic means.

On November 18, 2015, the hearing was resumed. Counsel for both parties indicated they had attempted to contact Defendant's counsel in California to determine if Defendant could appear

in the civil matter there electronically.  Both indicated this did not appear to be possible.  Defendant testified and indicated her sole reason for requesting release was to be allowed to attend the parental right termination hearing on December 28, 2015 in San Bernardino County, California.  She acknowledged she would be sentenced in this court to some period of imprisonment.

Defendant has entered a plea of guilty and will be sentenced to some term of imprisonment in this matter.  Accordingly, I must consider 18 U.S.C. § 3143 which provides for release or detention of a person awaiting sentencing.  Section 3143 places the burden on a Defendant to show by clear and convincing evidence she is not likely to pose a threat to the safety of others or flee before release can be considered.  Defendant has failed to show such clear and convincing evidence here.

I also note Defendant has previously been afforded a detention hearing and the current Motion is actually a request to re-open that hearing.  As such, 18 U.S.C. § 3142(f) also applies.  In order to reopen a detention hearing, a Defendant must show the existence of information, not known at time of original hearing, which has a material bearing on the issue of release.  In this case, there are two new pieces of information.  First, Defendant has now pled guilty to a felony crime in violation of 21 U.S.C. § 843, use of a communication facility to commit or aid in the commission of a drug offense.  Second, there is a pending hearing in California state court which bears on her parental rights regarding an infant child.  Neither of these facts is material to the issue of release.

While mindful of Defendant's real and heartfelt desire to appear at the civil hearing regarding her parental rights, the Court bound by Title 18 of the United States Code.  At the first hearing on these issues, I determined there was no condition or set of conditions which would reasonably assure the safety of the community or her appearance in court.  See, *United States v. Harrington*, No.

1:15-cr-10004(002), ECF No. 24.  I will not restate those findings here but adopt and incorporate them for purposes of this order.  The two new factors described above do not change or impact the previous findings of this Court.  For the reasons stated in the previous order and because Defendant has not shown clear and convincing evidence she would not be a safety or flight risk, Defendant should be detained pending sentencing.

      **ENTERED** this **20th day of November 2015.**

                                             /s/  Barry A. Bryant
                                             HON. BARRY A. BRYANT
                                             U. S. MAGISTRATE JUDGE